**LAW OFFICE OF JAMES F. HOLTZ**
James F. Holtz, Esq.
Nevada Bar No. 8119
Cory R. Lacy, Esq.
Nevada Bar No. 14074
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
Telephone: (702) 304-1803
Facsimile: (702) 304-1822
james.holtz@holtzapc.com
cory.lacy@holtzapc.com

Attorneys for Defendants
WALGREEN CO. and
WALGREEN OSHKOSH, INC.

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JUDI MARI CARSON, individually and as the Administrator of Estate of KELLINA SUE WEED, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN OSHKOSH, INC, WALGREEN CO., IVAN INCHAURREGUI, and Does I-V, and Roe Entities, I-V, inclusive,<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants WALGREEN CO. and WALGREEN OSHKOSH, INC. hereby remove to this Court the state court action described below.

1.  On November 14, 2017, an action was commenced in the District Court, Clark County, Nevada, entitled JUDI MARI CARSON, individually and as the Administrator of Estate of KELLINA SUE WEED, Deceased v. WALGREEN OSHKOSH, INC, WALGREEN CO., IVAN INCHAURREGUI, and Does I-V, and Roe Entities, I-V, inclusive, as Case No: A-17-764704. A copy of the Complaint is attached hereto as "Exhibit A."

1

2.     Defendants WALGREEN CO. and WALGREEN OSHKOSH, INC. received a copy of said complaint on November 28, 2017, when Defendants' agent accepted service of said complaint and a summons on its behalf. A copy of the summons is attached hereto as "Exhibit B."

3.     Prior to service of Plaintiff's complaint on November 28, 2017, Plaintiff provided a written demand to counsel for Defendants WALGREEN CO. and WALGREEN OSHKOSH, INC., which demands $20,000,000 in complete settlement of this matter. Furthermore, this matter involves wrongful death allegations. Therefore, it is reasonable to conclude that the amount in controversy exceeds $75,000.

4.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.     Plaintiff's Complaint alleges that she is a citizen of the state of Oregon. Defendant WALGREEN CO. was at the time of filing this action, and still is, a corporation incorporated under the laws of the State of Illinois, having its principal place of business in Deerfield, Illinois. Defendant WALGREEN OSHKOSH, INC.  was at the time of filing this action, and still is, a corporation incorporated under the laws of the State of Wisconsin, having its principal place of business at Deerfield, Illinois. In addition, Defendant IVAN INCHAURREGUI is alleged to be a resident of the state of Nevada. As such, there is complete diversity in this matter.

6.     Based on information and belief, Defendant IVAN INCHAURREGUI has not yet been served in this matter. 28 USC § 1446(b)(2)(A).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

2

7. Defendant further states that less than one year has passed since commencement of the action. 28 U.S.C. § 1446(b).

Dated: _12/1/17_

LAW OFFICE OF JAMES F. HOLTZ

By: _____
James F. Holtz, Esq.
james.holtz@holtzapc.com
Cory R. Lacy, Esq.
Cory.lacy@holtzapc.com
Attorney for Defendants
WALGREEN CO. and
WALGREEN OSHKOSH, INC.

3

# EXHIBIT A

# EXHIBIT A

Electronically Filed
11/14/2017 9:01 AM
Steven D. Grierson
CLERK OF THE COURT

CRAIG K. PERRY, Esq.
Nevada State Bar No. 3786
**CRAIG K. PERRY & ASSOCIATES**
7795 West Sahara Avenue, Suite 101
Las Vegas, NV 89117
Phone: (702) 228-4777
Fax: (702) 943-7520

Craig M. Sico, *Pro Hac Vice Pending*
Louie J. Cook, *Pro Hac Vice Pending*
**SICO, HOELSCHER, HARRIS & BRAUGH, L.L.P**
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Phone: (361) 653-3300
Fax: (361) 653-3333

*Attorneys for Plaintiffs*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| JUDI MARI CARSON, Individually, and as the Administrator of the Estate of KELLINA SUE WEED, Deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> WALGREEN OSHKOSH, INC., WALGREEN CO., IVAN INCHAURREGUI, DOES 1 – V and ROE ENTITITES I – V, <br><br> Defendants. | CASE NO: A-17-764704-C <br><br> DEPT. NO: Department 28 |

## COMPLAINT

Plaintiffs Judi Mari Carson, individually and as the Administrator of the Estate of Kellina Sue Weed, deceased, by and through their attorneys of record, Craig K. Perry, Craig M. Sico, and Louie J. Cook complain against Defendants as follows:

-1-

## GENERAL ALLEGATIONS

1.1     That at all times relevant hereto, Judi Carson was a resident of Oregon at the time of Kellina Sue Weed's death. Judi Carson is the biological mother of Kellina Sue Weed.

1.2     That at all times relevant hereto, Defendant Walgreen Oshkosh, Inc. was an Illinois Corporation with its principal place of business in Illinois. Defendant Walgreen Oshkosh, Inc. conducts substantial business in Nevada and derives substantial revenue from the Nevada marketplace. Defendant Walgreen Oshkosh, Inc.'s contacts with Nevada are so voluminous that Walgreen Oshkosh, Inc. is essentially "at home" in Nevada. Walgreens Oshkosh, Inc. may be served by serving its senior vice president Reuben Slone at 200 Wilnot Road Deerfield, Illinois 60015. Service of process is requested at this time.

1.3     That at all times relevant hereto, Defendant Walgreen Co. was an Illinois Corporation with its principal place of business in Illinois.  Defendant Walgreen Co. conducts substantial business in Nevada and derives substantial revenue from the Nevada marketplace. Defendant Walgreen Co. contacts with Nevada are so voluminous that Walgreen Co. is essentially "at home" in Nevada. Walgreens Co. maintains a registered agent in Nevada and is registered to do business in Nevada. Walgreen Co. may be served by service of process by serving its registered agent in Nevada, The Prentice-Hall Corporation System Nevada, Inc. located at 2215 B Renaissance Drive Las Vegas, Nevada 8819. Service of process is requested at this time.

1.4     Collectively. Walgreen Oshkosh, Inc. and Walgreen Co. will be referred to herein as "Walgreen".

1.5     That at all times relevant hereto, Defendant Ivan Inchaurregui ("Inchaurregui") is a resident of Las Vegas and a citizen of Nevada. Defendant Ivan Inchaurregui may be served with service of process at his home address 10458 Windy Reed Street, Las Vegas Nevada 89178. Service of process is requested at this time.

1.6    That the identities of the Defendants, DOES I – V and ROE ENTITIES I - V, are unknown at this time and may be individuals, partnerships or corporations or other entities. Plaintiffs allege that each of the Defendants designated herein as DOE is responsible in some manner for the damages herein alleged, including but not limited to the following: negligent training, hiring, supervision of Inchaurregui. Moreover, Plaintiffs allege that DOES I – V and ROE ENTITIES I – V may have negligently entrusted the subject 2017 Peterbuilt Semi bearing Vin # 1NPBDP9X8HD ("2017 Peterbuilt) to the Defendants. Plaintiffs request leave of the Court to amend this complaint to name the Defendants specifically when their identities become known.

1.7    That all the facts and circumstances that caused the subject collision and injuries and damages of Plaintiffs.

## JURISDICTION AND VENUE

2.1    The amount of damages is in excess $10,000 and within the jurisdictional limits of the Court.

2.2    Venue is proper under Nevada Revised Statute §13.040 because Inchaurregui is a resident of Clark County, Nevada. Since Inchaurregui is a resident of Clark County, venue is proper as to all other defendants in Clark County, Nevada.

## BACKGROUND

3.1    On May 31, 2017, Ivan Inchaurregui in the course and scope of his employment with Walgreen was traveling Westbound on Flamingo attempting a right turn into a Walgreen's parking lot. This turn-in was wide, free of traffic, and easily maneuvered by a properly trained and alert 18-wheeler operator who is properly qualified under 49 CFR 391.11(b)(3). Below, please see a picture of the clear turn in.



3.2    While making the right-hand turn into the Walgreen's parking lot, as a result of fatigue, inexperience, and/or distraction, Inchaurregui ramped up on the curb, violently striking Kellina Weed, deceased, who was lawfully on the sidewalk. Upon impact with Ms. Weed, Inchaurregui continued to drive on the sidewalk until he collided with a fire-hydrant. Only upon colliding with the fire hydrant did Inchaurregui finally stop his 18-wheeler. This fact is noted in the official accident report below. As a result of this collision, Ms. Weed suffered severe injuries that lead to her untimely death.

THE AREA OF INITIAL CONTACT (AIC) WAS DETERMINED BY BODILY FLUID ON THE SIDEWALK UNDER THE TRAILER OF V1. V1 CONTINUED APPROXIMATELY 15 FEET TO THE NORTH FOLLOWING THE AIC WHERE THE FRONT RIGHT TIRE OF THE TRAILER COLLIDED WITH A YELLOW POST PROTECTING A FIRE HYDRANT. V1 ROLLED BACKWARDS, APPROXIMATELY 15 FEET TO THE SOUTH, FOLLOWING THE COLLISION WITH THE POST WHERE IT CAME TO REST.

NM1 SUSTAINED CRITICAL INJURIES AND WAS TRANSPORTED TO SUNRISE HOSPITAL BY MEDICWEST AMBULANCE. D1 CLAIMED NO INJURIES.

3.3    As a direct and proximate result of Walgreen's actions, the Plaintiffs suffered general and specific damages in an amount in excess of $10,000.  They have been required to retain the services of an attorney to seek fair and proper compensation.

### FIRST CLAIM FOR RELIEF

### NEGLIGENCE & NEGLIGENCE PER SE –IVAN INCHAURREGUI

4.1    Plaintiffs restate the allegations set forth in paragraphs 1.1 through 3.4 of above as though fully set forth herein.

4.2    As a driver of a Tractor-Trailer, Inchaurregui owed a duty to pedestrians lawfully on the sidewalk, to obey traffic laws as well as exercise reasonable care while driving.

4.3    Inchaurregui breached this duty through numerous acts and/or omissions of negligence that directly and proximately caused the occurrence in question, the untimely death of Kellina Weed, and the injuries and damages sustained by the Kellina Sue Weed. Inchaurregui's acts and/or omissions that constitute negligence include, but are not limited to;

a.    Failing to keep a proper lookout for pedestrians lawfully on the sidewalk;

-4-

b.    Failing to make a proper and lawful right turn;

c.    Failing to maintain control of his motor vehicle at all times;

d.    Failing to timely and properly apply brakes under the circumstances;

e.    Failing to stop when required to do so;

f.    Failing to operate the vehicle with due care for the safety of others, including Kellina Sue Weed; and

g.    Failing to follow the traffic laws of the State of Nevada.

4.4    Moreover, Inchaurregui's actions constituted negligence per se. Nevada Revised Statute 484B.280 mandates that drivers at all times must exercise due care to avoid a collision with a pedestrian at all times. Kellina Weed, deceased, was a pedestrian lawfully on the sidewalk at the time of the accident. As such, Kellina Weed, deceased, was in the group of people (pedestrians) that NRS 484B.280 was meant to protect. Inchaurregui breached his duty under NRS 484B.280 when he ramped up onto the sidewalk, collided with Kellina Weed, deceased, and continued to drive until he hit a fire hydrant. This breach was a proximate and direct cause of Kellina Weed's untimely death and the Plaintiffs' injuries and damages.

4.5    At the time of the incident in question, Inchaurregui was a Walgreen's employee acting within the course and scope of his employment for Walgreen in the furtherance of his employer's business. Therefore, pursuant to the doctrine of *Respondeat Superior*, Walgreen is responsible and accountable for Inchaurregui's negligence and negligence per se.

4.6    In the alternative, upon information and belief, Plaintiffs specifically allege that at all relevant times, Walgreen and Inchaurregui were acting in the capacities of principal-agent or master-servant for one another, were acting within the course and scope of said agency or servitude, ratified the conduct of each other, and when acting as an agent was negligent.

## SECOND CLAIM FOR RELIEF

## NEGLIGENCE – WALGREEN CO. AND WALGREEN OSHKOSH, INC.

5.1   Plaintiffs restate the allegations set forth in paragraphs 1-4.6 as though fully set forth herein.

5.2   The independent negligence of Walgreen includes, but is not limited to, one or more of the following;

a.   Failure to properly train its drivers and employees;

b.   Failing to establish an adequate safety program;

c.   Failing to adequately supervise its drivers and employees;

d.   Failing to properly qualify its drivers and employees under 49 CRF 391.11(b)(3);

e.   Failing to establish adequate policies and/or adequately enforce policies for its drivers and employees;

f.   Negligently hiring, supervising, and retaining Defendant Inchaurregui who was unqualified, incompetent, and a careless driver and/or employee;

g.   Failing to promulgate and enforce company policies regarding the hours of operations in accordance with Federal Standards; and

h.   Negligently entrusting the vehicle to Defendant Inchaurregui when he was in violation of Federal Laws relating to the amount of rest required between trips.

5.3   Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Walgreen and one or more or all of the above stated acts were the direct and proximate cause of Kellina Weed's untimely death and the Plaintiffs injuries and damages.

-6-

## THIRD CLAIM FOR RELIEF

### OPPRESSION, FRAUD, AND/OR MALICE – INCHAURREGUI/WALGREEN

6.1   Plaintiffs restate the allegations set forth in paragraphs 1.1 through 5.4 above as though fully set forth herein.

6.2   Inchaurregui and Walgreen independently acted with oppression, fraud, and/or malice, express or implied, including without limitation despicable conduct engaged in with a conscious disregard of the rights or safety of others, which was a proximate cause of the injuries to the Plaintiffs, and for which the Plaintiffs are entitled to recover exemplary and/or punitive damages.

## FOURTH CLAIM FOR RELIEF

### GROSS NEGLIGENCE – INCHAURREGUI/WALGREEN

7.1   Plaintiffs restate the allegations set forth in paragraphs 1.1 through 6.2 above as though fully set forth herein.

7.2   The wrong done by Inchaurregui and Walgreen by recklessly disregarding Federal Safety Regulations on a systematic basis and placing an unequipped and/or untrained driver on the road was aggravated by the kind of gross negligence and callous disregard for which the law allows the imposition of exemplary damages.

7.3   Inchaurregui and Walgreen's knew of the dangers in systematically and routinely ignoring Federal Safety Standards and knew of unique dangers posed by breaking each of these regulations—by allowing exhausted, intoxicated, distracted and/or unqualified drivers on the road. Inchaurregui and Walgreen's intended to perform acts that they knew, or should have known, would very probably cause harm.

7.4   Inchaurregui and Walgreen's conduct, when viewed objectively from each Defendants individual standpoint at the time of each Defendants individual conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and the Defendants were actually and subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

-7-

7.5    Inchaurregui and Walgreen's acts of omission and commission, which collectively and severally constitute gross negligence, were proximate causes of the accident and injuries sustained by the Plaintiffs.

7.6    Defendants acted with malice, express or implied, including without limitation despicable conduct engaged in with a conscious disregard of the rights or safety of others, which was a proximate cause of the injuries to the Plaintiffs and for which the Plaintiffs are entitled to recover exemplary and/or punitive damages.

## FIRST CAUSE OF ACTION

### (General Negligence—Inchaurregui)

8.1    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 7.6 inclusive, as fully set forth in this Cause of Action.

8.2    Inchaurregui, Walgreens, and Does I-V and Roe Entities I-V (all hereinafter referred to collectively as "Defendants") and the other named Defendants, at all times relevant herein, were engaged in the business of trucking and transportation. Being a driver for such a company, Inchaurregui, who was in the course and scope of his employment with Walgreen owed a duty to the Plaintiffs and other pedestrians to act as a reasonably prudent driver under the circumstances.

8.3    Inchaurregui breached this duty through numerous acts and/or omissions of negligence that proximately caused the occurrence in question, the untimely death of Kellina Weed, and the injuries and damages sustained by the Plaintiffs. Inchaurregui's acts and/or omissions that constitute negligence include, but are not limited to;

    a.    Failing to keep a proper lookout for pedestrians lawfully on the sidewalk;

    b.    Failing to make a proper and lawful right turn;

    c.    Failing to maintain control of his motor vehicle at all times;

    d.    Failing to timely and properly apply brakes under the circumstances;

    e.    Failing to stop when required to do so;

    f.    Failing to operate the vehicle with due care for the safety of others, including Kellina Sue Weed; and

g.    Failing to follow the traffic laws of the State of Nevada.

8.4    At the time of the incident in question, Inchaurregui was a Walgreen's employee acting within the course and scope of his employment for Walgreen and in the furtherance of his employer's business. Therefore, pursuant to the doctrine of *Respondeat Superior*, Walgreen is responsible and accountable for Inchaurregui's negligence.

8.5    In the alternative, upon information and belief, Plaintiffs specifically allege that at all relevant times, Walgreen and Inchaurregui were acting in the capacities of principal-agent or master-servant for one another, were acting within the course and scope of said agency or servitude, ratified the conduct of each other, and when acting as an agent was negligent.

8.6    The acts and/or omissions described above, were each a direct, proximate and legal cause of the injury and damages suffered by the Plaintiffs.

8.7    As a direct, legal and proximate result of the negligence of Inchaurregui, the Plaintiffs has suffered general and specific damages. These damages include, but are not limited to, extreme grief, sorrow, loss of companionship, society, and comfort as well as pecuniary loss. These damages are in an amount in excess of $10,000.

8.8    As a direct, legal and proximate result of Inchaurregui's negligence as alleged above, Kellina Weed before her death was required to and did employ physicians and other medical personnel, Kellina Weed incurred costs and expenses for medical care, treatment, medications, emergency services, medical supplies, and related expenses.

8.9    As a direct, legal, and proximate result of Inchaurregui's negligence as alleged above, the Plaintiffs have been caused to incur pecuniary losses.

8.10    As a direct, legal and proximate result of said Incharregui's negligence as alleged above, Plaintiffs have suffered economic damages.

8.11    By reason of the foregoing, Defendants are liable in tort to the Plaintiffs for the general and specific damages sustained by the Plaintiffs as alleged herein.

-9-

## SECOND CASE OF ACTION

### (Negligence Per Se—Inchaurregui)

9.1    Plaintiffs, re-allege and incorporate by reference Paragraphs 1 through 8.11, inclusive as if fully set forth in this Cause of Action.

9.2    Inchaurregui's actions constituted negligence per se. Nevada Revised Statute 484B.280 mandates that drivers at all times must exercise due care to avoid a collision with a pedestrian at all times. Kellina Weed, deceased, was a pedestrian lawfully on the sidewalk at the time of the accident. As such, Kellina Weed, deceased was in the group of people (pedestrians) that NRS 484B.280 was meant to protect. Inchaurregui breached his duty under NRS 484B.280 when he ramped up onto the sidewalk, collided with Kellina Weed, deceased, and continued to drive until he hit a fire hydrant. This breach was a proximate and direct cause of Kellina Weed's untimely death and the Plaintiffs' injuries and damages.

9.3    At the time of the incident in question, Inchaurregui was a Walgreen's employee acting within the course and scope of his employment for Walgreen in the furtherance of his employer's business. Therefore, pursuant to the doctrine of *Respondeat Superior*, Walgreen is responsible and accountable for Inchaurregui's negligence and negligence per se.

9.4    In the alternative, upon information and belief, Plaintiffs specifically allege that at all relevant times, Walgreen and Inchaurregui were acting in the capacities of principal-agent or master-servant for one another, were acting within the course and scope of said agency or servitude, ratified the conduct of each other, and when acting as an agent was negligent.

9.5    The acts and/or omissions described above, were each a direct, proximate and legal cause of the injury and damages suffered by the Plaintiffs.

9.6    As a direct, legal, and proximate result of the negligence of Inchaurregui, the Plaintiffs have suffered general and specific damages. These damages include, but

are not limited to, extreme grief, sorrow, loss of companionship, society, and comfort as well as pecuniary loss. These damages are in an amount in excess of $10,000.

9.7    As a direct, legal and proximate result of Inchaurregui's negligence as alleged above, Kellina Weed before her death was required to and did employ physicians and other medical personnel, Kellina Weed incurred costs and expenses for medical care, treatment, medications, emergency services, medical supplies, and related expenses.

9.8    As a direct, legal, and proximate result of Inchaurregui's negligence as alleged above, the Plaintiffs have been caused to incur pecuniary losses.

9.9    As a direct, legal and proximate result of said Inchaurregui's negligence as alleged above, Plaintiffs have suffered economic damages.

9.10   By reason of the foregoing, Defendants are liable in tort to the Plaintiffs for the general and specific damages sustained by the Plaintiffs as alleged herein.

### THIRD CAUSE OF ACTION

### (General Negligence—Walgreen Oshkosh, Inc. and Walgreen Co.)

10.1   Plaintiffs, re-alleges and incorporates by reference Paragraphs 1 thought 9.10, inclusive as if fully set forth in this Cause of Action.

10.2   The independent negligence of Walgreen includes, but is not limited to, one or more of the following;

    a.    Failure to properly train its drivers and employees;

    b.    Failing to establish an adequate safety program;

    c.    Failing to adequately supervise its drivers and employees;

    d.    Failing to properly qualify its drivers and employees under 49 CRF 391.11(b)(3);

    e.    Failing to establish adequate policies and/or adequately enforce policies for its drivers and employees;

f.    Negligently hiring, supervising, and retaining Defendant Inchaurreguiwho was unqualified, incompetent, and a careless driver and/or employee;

g.    Failing to promulgate and enforce company policies regarding the hours of operations in accordance with Federal Standards; and

h.    Negligently entrusting the vehicle to Defendant Inchaurregui when he was in violation of Federal Laws relating to the amount of rest required between trips.

10.3   Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Walgreen, and one or more or all of the above stated acts were the direct and proximate cause of Kellina Weed's untimely death and the Plaintiffs' injuries and damages.

10.4   The acts and/or omissions described above, were each a direct, proximate and legal cause of the injury and damages suffered by the Plaintiffs.

10.5   As a direct, legal and proximate result of the negligence of Walgreen, the Plaintiffs has suffered general and specific damages. These damages include, but are not limited to, extreme grief, sorrow, loss of companionship, society, and comfort as well as pecuniary loss. These damages are in an amount in excess of $10,000.

10.6   As a direct, legal and proximate result of Walgreen's negligence as alleged above, Kellina Weed before her death was required to and did employ physicians and other medical personnel, Kellina Weed incurred costs and expenses for medical care, treatment, medications, emergency services, medical supplies, and related expenses.

10.7   As a direct, legal, and proximate result of Walgreen's negligence as alleged above, the Plaintiffs have been caused to incur pecuniary losses.

10.8   As a direct, legal and proximate result of said Walgreen's negligence as alleged above, Plaintiffs have suffered economic damages.

10.9   By reason of the foregoing, Defendants are liable in tort to Plaintiffs for the general and specific damages sustained by the Plaintiffs as alleged herein.

## PUNITIVE DAMAGES

11.1   Plaintiffs incorporate paragraphs 1 through 10.09 above, and allege that Defendants are liable for exemplary and/or punitive damages. The wrong done by Inchaurregui and Walgreens by recklessly disregarding Federal Safety Regulations on a systematic basis and placing an unequipped and untrained driver on the road was aggravated by the kind of gross negligence and callous disregard for which the law allows the imposition of exemplary damages.

11.2   Inchaurregui and Walgreen knew of the dangers in systematically and routinely ignoring Federal Safety Standards and knew of unique dangers posed by breaking each of these regulations—by allowing exhausted, intoxicated, distracted and unqualified drivers on the road. Inchaurregui and Walgreens intended to perform acts that they knew, or should have known, would very probably cause harm.

11.3   Inchaurregui and Walgreen's conduct, when viewed objectively from each Defendants individual standpoint at the time of each Defendants individual conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and the Defendants were actually and subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

11.4   Inchaurregui and Walgreen's acts of omission and commission, which collectively and severally constitute gross negligence, were proximate causes of the accident and injuries sustained by the Plaintiffs.

11.5   Inchaurregui and Walgreen's acted with malice, express or implied, including without limitation despicable conduct engaged in with a conscious disregard of the rights or safety of others, which was a proximate cause of the injuries to Plaintiffs, and for which Plaintiffs are entitled to recover exemplary and/or punitive damages.

WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as follows:

1.  For general damages sustained by Plaintiffs in an amount in excess of $10,000;

2.  For special damages sustained by Plaintiffs in excess of $10,000;

3.  For exemplary and/or punitive damages sustained by Plaintiffs in excess of $10,000;

4.  For reasonable attorney's fees and costs of suit;

5.  For all Wrongful Death damages as allowed to the Plaintiffs under Nevada law;

6.  For interest at the statutory rate, and

7.  For such other relief as the Court deems just and proper.

DATED this 13th day of November 2017

CRAIG K. PERRY & ASSOCIATES

By: _____
CRAIG K. PERRY, Esq.
Attorneys for Plaintiffs

-14-

# EXHIBIT B

# EXHIBIT B

Electronically Issued
11/21/2017 2:46 PM

1  SUMM

DISTRICT COURT
2                                           CLARK COUNTY, NEVADA

3  JUDI MARI CARSON, individually
4  And as the Administrator of Estate of
   KELLINA SUE WEED, Deceased,               CASE NO.: A-17-764704-C
5                          Plaintiff,        DEPT. NO.: XXVIII
6  vs.
7  WALGREEN OSHKOSH, INC,
   WALLGREEN CO., IVAN
8  INCHAURREGUI, and Does I-V,
9  and Roe Entities, I-V, inclusive,          SUMMONS
                          Defendant.
10

11     NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT
12       YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE
                              INFORMATION BELOW.
13
14 TO THE DEFENDANT[S]:  A civil Complaint has been filed by the plaintiff against you for the relief
   set forth in the Complaint.   WALGREEN OSHKOSH, INC./ c/o RA Illinois Corporation Service C
15
16     1.     If you intend to defend this lawsuit, within 20 days after this Summons is served on you
   exclusive of the day of service, you must do the following:
17            a.     File with the Clerk of this Court, whose address is shown below, a formal written
   response to the Complaint in accordance with the rules of the Court.
18            b.     Serve a copy of your response upon the attorney whose name and address is
19 shown below.

20     2.     Unless you respond, your default will be entered upon application of the plaintiff and
   this Court may enter a judgment against you for the relief demanded in the Complaint, which could
21 result in the taking of money or property or other relief requested in the Complaint.
       3.     If you intend to seek the advice of an attorney in this matter you should do so promptly
22 so that your response may be filed on time.

23 Issued at the direction of:                STEVEN D. GRIERSON, CLERK OF COURT
24
                                             By:            Josefina San Juan   11/21/2017
25 CRAIG K. PERRY, ESQ.                          Deputy Clerk                     Date
   Nevada Bar No. 3786                           Regional Justice Center
26 CRAIG K. PERRY & ASSOCIATES                   200 Lewis Street
27 8010 West Sahara Avenue, Suite 260            Las Vegas, NV 89155
   Las Vegas, NV 89117
28

NOTE:  When service is by publication, add a brief statement of the object of the action.  See Rules of Civil Procedure, Rule 4(b).

Case Number: A-17-764704-C

LAW OFFICE OF JAMES F. HOLTZ
James F. Holtz, Esq., Nevada Bar No. 8119
Cory R. Lacy, Esq., Nevada Bar No. 14074
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
Telephone:   (702) 304-1803
Facsimile:   (702) 304-1822

Attorneys for Defendants
WALGREEN CO. and WALGREEN OSHKOSH, INC.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

CASE NO.:

## **CERTIFICATE OF SERVICE**

Pursuant to LR 5-4, I hereby certify that on December 1, 2017, I served a true and correct copy of the above and foregoing **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** via CM/ECF described above on designated recipients through electronic transmission of said documents, a certified receipt is issued to filing party acknowledging receipt by CM/ECF's system. Once CM/ECF has served all designated recipients, proof of electronic service is returned to the filing party.

On:

| | |
|---|---|
| Craig K. Perry, Esq., Nevada Bar No. 3786<br>Craig K. Perry & Associates<br>7795 West Sahara Avenue, Suite 101<br>Las Vegas, Nevada 89117<br>info@onestoplawfirm.com | **Attorneys for Plaintiffs**<br>(702) 228-4777 |
| Craig M. Sico, Esq., *Pro Hac Vice Pending*<br>Louie J. Cook, Esq., *Pro Hac Vice Pending*<br>Sico Hoelscher Harris & Braugh LLP<br>802 N. Carancahua, Suite 900<br>Corpus Christi, Texas 78401<br>csico@shhblaw.com<br>lcook@shhblaw.com | **Attorneys for Plaintiffs**<br>(361) 653-3300<br>(Service via regular mail only) |

Dated: December ___, 2017

_____
An Employee of LAW OFFICE OF JAMES F. HOLTZ